BYE, Circuit Judge,
dissenting.
I believe the district court properly concluded Sun Life abused its discretion in denying Kutten long-term disability benefits. It was unreasonable for Sun Life to conclude the use of a vitamin supplement constituted medical treatment. I therefore respectfully dissent from the decision reversing the district court.
In my view, this is a simple ease of an insurer issuing a poorly-drafted policy and then going to significant lengths to evade its terms. My major concern is with the expansive definition of the term “medical treatment” which the majority permits. To me, the use of a vitamin supplement does not constitute medical treatment. While the use of prescribed drugs and medicines generally require that a person have interacted with a medical professional, the use of vitamin supplements requires no such medical intervention as they are *947 available over the counter and without a prescription. Under Sun Life’s expansive interpretation, it is hard to imagine a scenario which would not be covered by its Pre-Existing Condition clause. Any time a medical official gave advice it would be considered medical treatment under Sun Life’s interpretation. Even simple things such as getting eight hours of sleep a night, brushing one’s teeth, exercising thirty minutes a day, or taking an aspirin for a headache would be encompassed by this interpretation.
The majority acknowledges “Sun Life could have drafted [its policy] to more clearly cover Kutten’s supplement regimen,” and the policy’s “literal language may not neatly fit Kutten’s course of treatment.” It is for precisely these reasons the district court properly concluded Sun Life abused its discretion in denying Kut-ten’s claim. The Pre-Existing Condition clause’s language simply does not cover the use of a vitamin supplement. Of course, in hindsight, Sun Life may wish it had drafted the Pre-Existing Condition clause in a different manner so it would apply to conditions such as Kutten’s retinitis pigmentosa, but the clause’s language cannot be construed to apply here.
The flaw in the majority’s reasoning as contained is its decision is to essentially ignore the policy language and, instead, apply its own definition of what should be included within the Pre-Existing Condition clause. Intuitively, it may seem Kut-ten’s retinitis pigmentosa should fall within the ordinary definition of a pre-existing condition. Indeed, I agree Kutten had a “pre-existing condition” in the ordinary definition of that term. Nonetheless, Kut-ten did not have a “Pre-Existing Condition” as defined by Sun Life’s policy, and such is the critical distinction Sun Life and the majority have failed to make. We are not free to use the ordinary definition. Instead, we must apply the specific language of Sun Life’s policy. For future policies, Sun Life is free to revise its policy language to more clearly exclude conditions such as retinitis pigmentosa, but in this case it should be bound by the bargain it entered into with Kutten.
The majority notes, “[w]ith the benefit of hindsight, Sun Life could have drafted the Pre-Existing Condition clause to more clearly cover Kutten’s supplement regimen.” Yet, hindsight is unnecessary when Sun Life can simply rely on a federal court to retroactively fix its poorly-drafted policies. It is not this Court’s prerogative to assist a plan administrator in evading its own poorly-chosen policy language. Instead, our responsibility is to confirm that the plan administrator interprets its policies in a reasonable manner. Because I view Sun Life’s expansive interpretation of medical treatment as unreasonable, I respectfully dissent.